CA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TYRONE GALTNEY, etc.,           )
                                )
            Plaintiff,           )
                                )
    v.                          )   No.  06 C 6722
                                )
RICHARD M. DALEY, et al.,        )
                                )
            Defendants.          )

MEMORANDUM OPINION AND ORDER

This is one of the actions reassigned at random to this Court's calendar from that of its former colleague Honorable Mark Filip, who has just left the federal bench. It is extraordinarily long in the tooth: It was filed fully 15 months ago by pro se plaintiff Tyrone Galtney ("Galtney"), yet his threshold motions (1) for in forma pauperis status and (2) for appointment of counsel have not been acted upon (no docket entry in the case has been made since June 4, 2007, when Judge Filip denied Galtney's motion for his disqualification). This opinion hastens to deal with those two overripe motions.

This Court is of course well aware of the provisions of 28 U.S.C. §1915 ("Section 1915") as to in forma pauperis filings, including the statutory muddle that was created by Congress when it overhauled that entire section in its effort to curb prisoner lawsuits (a category into which Galtney's action does not fall). Among the few provisions of Section 1915 that still appear to speak to all in forma pauperis actions, rather than to prisoner lawsuits alone, is Section 1915(e)(2), which in part calls on a

court to dismiss an action at any time if it is determined that the action is frivolous. But no less an authority than the United States Supreme Court has counseled caution in that respect: In Denton v. Hernandez, 504 U.S. 25, 33 (1992), one of the seminal decisions on the subject of "frivolousness" (Neitzke v. Williams, 490 U.S. 319, 325 (1989) is the other), Justice O'Connor warned of wielding too broad a brush:

> An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, Stranger than fiction." Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan, & W. Pratt eds. 1977).

Long experience has taught this Court that the best way to ferret out whether a pro se complaint is indeed frivolous, or may instead contain some nugget of a viable claim, is to provide counsel in such situations. Everyone in the justice system is then better off--the plaintiff (obviously), the defendants whose counsel is enabled to deal with someone who speaks the same language in the legal sense, and of course the court itself.

Accordingly this Court grants Galtney's In Forma Pauperis Application. But having done so, it makes clear that there are a great many problems with Galtney's current filing that it will not attempt to detail.

For one thing, Galtney's attached Memorandum of Law in

Support plays no proper role in a pleading, which Fed. R. Civ. P. ("Rule") 8(a) requires to be limited to "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Second and similarly, the extended exhibits attached to the Complaint are evidentiary in nature and do not conform to the notice pleading concept of federal practice embodied in Rule 8(a). And third, suing two of the defendants (Lisa Madigan and Larry Trent) in their official capacities as <u>state</u> officials is treated in law as the equivalent of suing the State of Illinois itself, something that is impermissible because of the State's sovereign immunity.

What has been said here is purely exemplary and is not at all intended to be exhaustive. Apart from ordering that the memorandum and exhibits need not be served on the defendants at this time, which this opinion does, no further flaws will be addressed here until an appointed counsel has had the opportunity to review the matter, to confer with Galtney and to determine what sort of self-contained amended complaint should be filed.

That however cannot be done until Galtney submits a proper motion for appointment of counsel. <u>Jackson v. County of McLean</u>, 953 F.2d 1070, 1072 (7th Cir. 1992) and later cases following it teach that no plaintiff, though financially unable to hire counsel on his own, is entitled to the appointment of pro bono

counsel without listing the efforts that plaintiff has himself made to retain a lawyer--and that part of the Motion for Appointment of Counsel ("Motion") form has been left conspicuously blank by Galtney. That motion is therefore denied without prejudice. This Court's minute clerk is transmitting some blank forms to be completed and returned by Galtney, at which point this Court can entertain his renewed Motion properly.

In the meantime, the Marshals Service is ordered to obtain service of process on the defendants (including Madigan and Trent, but substituting present Chicago Police Superintendent Jody Weis rather than Philip Cline) by delivering to each defendant (1) a copy of the Complaint <u>without</u> the accompanying Memorandum of Law and Exhibits, together with (2) a copy of this opinion, so that defendants are apprised that they need not file a responsive pleading to the present Complaint at this time. Finally, this action is set for a status hearing at 9 a.m. April 30, 2008, by which time it is hoped that all defendants will have been served and that pro bono counsel will have been appointed and will have had an opportunity to confer with Galtney and to consider the nature of an anticipated amended complaint (or will even have had the opportunity to file such a pleading).

_____
Milton I. Shadur
Senior United States District Judge

Date: March 13, 2008